IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Property Tax

| | | |
|---|---|---|
| ZAKI EDWARD KAHL<br>and MARY KATHRYN KAHL, | ) | |
| | ) | |
| Plaintiffs, | ) | TC-MD 230452G |
| | ) | |
| v. | ) | |
| | ) | |
| CLACKAMAS COUNTY ASSESSOR, | ) | |
| | ) | |
| Defendant. | ) | **DECISION** |

This matter came before the court on cross-motions for summary judgment. Plaintiffs challenge Defendant's increases to the real market value of property identified as Account 00605599 on the assessment rolls for tax years 2017–18 through 2022–23.

I. STATEMENT OF FACTS

In 2015, Plaintiffs added to the subject's garage and master suite. (Def's Mot Summ J at 2.) Defendant's appraiser inspected the addition and drew a diagram of its dimensions by hand. (*Id*. at 12.) Defendant then entered information from the hand-drawn diagram into its ProVal software. (*Id*. at 14.) In so doing, Defendant made a mistake; a wall shown as 28 feet long on the hand-drawn diagram was shown as 15.6 feet long on the ProVal diagram. (*See id*. at 12, 14.)

Relying on the erroneous dimension in its ProVal software, Defendant calculated the subject's new square footage as 2,564; in fact, the subject's square footage was 2,890. (Def's Mot Summ J at 2–3.) Using the incorrect square footage, Defendant determined a 2016–17 exception value for the subject and recalculated the subject's maximum assessed value on the 2016–17 roll. Those values were than carried forward to the years at issue.

/ / /

Defendant discovered its mistake in 2023 when it visited the subject again after permits were pulled for new work. Defendant sent Plaintiffs a Clerical Error Notice on August 2, 2023, informing them it intended to add additional value to the subject for tax years 2017–18 through 2022–23.[1] (Def's Mot Summ J, Ex C at 2.) Defendant then sent Plaintiffs its Notice of Correction to the Assessment Roll, stating that it had added the value to the subject. This appeal followed in due course.

## II. ANALYSIS

The issue on summary judgment is whether the law authorizes Defendant to change the prior years' tax roll values as it did. Defendant relies on its authority to correct clerical errors under ORS 311.205(1).[2]

In general, assessors "may not make changes in the roll after September 25 of each year," except to reduce the value or unless a specific provision of law applies. ORS 308.242(1). Legal authority for changing the tax roll after that date is found in ORS 311.205, which governs corrections to the tax roll made by assessors after the roll is certified.

ORS 311.205 allows assessors to correct certain errors going back up to five years before the last certified roll. ORS 311.205(2)(a). As relevant here, the statute distinguishes two types of error: "clerical error" and "error in valuation judgment." *Compare* ORS 311.205(1)(a) *with* 311.205(1)(b). While an error in valuation judgment can be corrected only if it reduces the tax owed, a clerical error in a prior year's roll can be corrected even if it increases the tax. *Id.*

Increasing the value on a past roll is not permitted if the change revisits the valuation judgment of the appraiser who put the value on the roll to begin with. Thus, officers in charge of

---

[1] That is, for 2022–23 and the five prior tax years.

[2] The court's references to the Oregon Revised Statutes (ORS) are to 2021.

the roll "may not correct an error or omission on the roll * * * if the correction requires that the officer exercise judgment to determine the value, formulate an opinion as to value, or inquire into the state of mind of the appraiser." OAR 150-311-0150(1).[3]

An exercise of appraiser judgment occurs wherever property data is used to arrive at a property value. Thus, "a mathematical error when computing the square footage, the acreage, or some other factor" is not merely a clerical error because those factors go into the appraiser's determination of value. OAR 150-311-0150(1)(b). An appraiser's mistakes about size or other factors "have entered into the appraiser's determination of judgment and are not subject to correction." OAR 150-311-0150(1)(c). "The figures may be wrong but the assessor's judgment of the parcel's value may be right." *Id.*, Examples 1, 2.

With the computer-based tools available to assist assessors, it ought not to be forgotten that an appraiser exercises judgment in accepting the value recommended by software. The statutes do not provide for assessment by computer, but rather by an assessor who certifies each roll with an oath. ORS 308.320.

In the present case, an error was made entering data into Defendant's software. That data-entry error was indeed a clerical error, but the ensuing determination of value was something else: it was an exercise of appraiser judgment. *See* OAR 150-311-0150(1). The mistake in the subject's square footage was merely one factor that "entered into the appraiser's determination of judgment." *See* OAR 150-311-0150(1)(c).

The situation here is analogous to Example 3 in OAR 150-311-0150(1). In that example, an error in the acreage of a property is discovered after several years. It is not correctable because "it is the total assessment that is subject to question, and because more elements than

---

[3] Oregon Administrative Rules (OAR)

simply the matter of acreage can be used to arrive at a total assessment." The assessor's remedy is to "correct the acreage on the next assessment and tax roll and reappraise the parcel for value, if necessary." Likewise, the square-footage error on the subject's account was one element among several that could have gone into the assessment of value on the subject's account. In arriving at a total assessment, Defendant's appraiser exercised valuation judgment—even if that judgment was only to accept a value suggested by software. To the extent any error in appraiser judgment benefitted Plaintiffs, it is not correctable under ORS 311.205(1).

### III. CONCLUSION

Because the values set for the subject on the prior years' rolls express a valuation judgment, those values may not be increased under ORS 311.205(1). Now, therefore,

IT IS THE DECISION OF THIS COURT that Plaintiffs' appeal be granted. Defendant shall cancel its Notice of Correction to the Assessment Roll affecting Account 00605599 for tax years 2017–18 through 2022–23.

_____

*If you want to appeal this Decision, file a complaint in the Regular Division of the Oregon Tax Court, by mailing to: 1163 State Street, Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 State Street, Salem, OR.*

*Your complaint must be submitted within 60 days after the date of this Decision or this Decision cannot be changed. TCR-MD 19 B.*

*This Decision was signed by Magistrate Poul F. Lundgren and entered on January 24, 2025.*